IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

FILED 99 APR 21 PM 12:03
U.S. DISTRICT COURT
N.D. OF ALABAMA

ENTERED
APR 21 1999

| | |
|---|---|
| DEREK DUJANOVIC, individually and as representative of a class of similarly situated persons, | ) ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) CV98-TMP-0235-S ) ) |
| MORTGAGEAMERICA, INC., | ) ) |
| Defendant, | ) |

ORDER GRANTING STAY PENDING APPEAL

Defendant MortgageAmerica has moved for a stay of proceedings in this case pending its attempt to obtain a discretionary review, pursuant to FRCP 23(f), of this court's Order certifying a class of plaintiffs under the Real Estate Settlement Procedures Act ("RESPA"). Defendant has made application to the United States Court of Appeals for the Eleventh Circuit, to which plaintiff has responded. The court of appeals has the discretion to hear the appeal immediately, and it will be required to decide whether to do so. The question now before this court is whether to stay further proceedings here while the court of appeals decides whether to hear the appeal. The parties have briefed the issue.

Whether to grant a stay, much like whether to grant a preliminary injunction, involves balancing four factors: the movant's likelihood of success on the merits, the risk of harm to the movant if the stay is not granted, the burden the stay will place on other parties if it is granted, and whether the stay is contrary to the public interest. Garcia-Mir v. Meese, 781 F.2d 1450, 1453 (11th Cir.), *cert. denied*, 479 U.S. 889, 107 S. Ct. 289, 93 L. Ed. 2d 263 (1986). Ultimately, it is a

balancing of the equities in the circumstances. Looking to these factors, the court believes the granting of at least a temporary stay is in the interest of justice.

While the court remains confident of the correctness of its decision to certify this class, only foolish hubris would blind it to the fact that most other courts addressing this question have gone the other way. Even though the court believes those cases are distinguishable for the reasons explained in the class certification order, the significant trend going against the path chosen here makes real the possibility that defendant's appeal may be accepted for discretionary review and that it may prevail. The harm to defendant if the stay is not granted involves the significant costs of conducting and responding to class discovery. If the court of appeals concludes that the class was incorrectly certified, money, time, and effort directed to class discovery will have been wasted. As for burdens or potential harm to the plaintiff class, there seems little. Their claims are relatively new and their whereabouts are well known, so it is unlikely that a reasonable delay will make it more difficult to effectively notify the individual class members of the pendency of the action.

Finally, granting the stay would not be contrary to the public interest. While proper class actions are not somehow a disfavored form of litigation, as defendant's quotation from Castano v. American Tobacco Co., 84 F.3d 734 (5th Cir. 1996) might imply, they do involve significant societal costs in terms of limiting the ability of individual plaintiffs to control their own lawsuits and concentrating the resolution of complex issues in a single forum. See In re Rhone-Poulenc Rorer, Inc., 51 F.3d 1293, 1299-1300 (7th Cir.), cert. denied, 516 U.S. 867, 116 S.Ct. 184, 133 L.Ed. 2d 122 (1995). If the class certification here were to be reversed by the court of appeals, confusion could result if notification of the certification is allowed to be delivered to the class members. Members of the class would have to be re-notified of the reversal and potential de-certification of the class by the court of appeals. The confusion can be avoided by awaiting the action of the court of appeals.

Accordingly, the defendant's motion for stay pending appeal is due to be and hereby is GRANTED for a period of sixty (60) days from the entry of this Order. In the event the court of appeals accepts the case for discretionary review, the stay will be extended until the appeal is concluded and mandate is issued to this court. In the event the court of appeals denies the application for discretionary review prior to the expiration of sixty (60) days, either party may so notify the court and move for the stay to be lifted. If the court of appeals has not acted to grant or deny the application for review prior to the expiration of sixty (60) days, the stay will lift automatically at that time unless further extended by order of the court of appeals.

DONE this the 21st day of April, 1999.

T. MICHAEL PUTNAM
CHIEF MAGISTRATE JUDGE